*E-Filed 09/17/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RANDALL G. HUCK, | No. C 10-1845 RS |
| Plaintiff, | **ORDER OF REMAND** |
| v. | |
| KONE, INC., | |
| Defendant. | |

Plaintiff Randall Huck filed a complaint in the Superior Court of California, County of San Francisco, alleging wrongful termination in violation of California's Fair Employment and Housing Act against his former employer, Kone, Inc. Huck raised only state law claims. Kone duly removed the action, pursuant to 28 U.S.C. § 1441. In its removal motion, Kone iterated that the parties are in fact diverse. Kone instructs that it is incorporated in Delaware and maintains its principal place of business in Illinois. Although Huck did not identify the amount in controversy in his Complaint, Kone asserted in its removal papers that this amount exceeds $75,000. Kone did not, however, introduce any facts to support or explain this claim. Huck timely filed the instant motion to remand. He disavows that the amount in controversy exceeds $75,000 and argues that this Court lacks subject matter jurisdiction. Kone has not filed papers in opposition or otherwise submitted any material to defend its jurisdictional claim. The matter is appropriate for resolution without oral

argument pursuant to Civil Local Rule 7-1(b) and the motion hearing set for **September 23, 2010** is **vacated**.

The Ninth Circuit has emphasized that the removal statute must be construed strictly against removal. *See, e.g.*, *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*quoting Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Where, as is the case here, it is unclear what amount of damages the plaintiff has sought, the defendant "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.* at 566-67 ("If [a defendant's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof."). Kone has submitted no facts whatsoever to support its jurisdiction claim and has therefore utterly failed to meet its burden. Huck's motion to remand must therefore be granted. The matter shall be remanded to the Superior Court of California, County of San Francisco and the clerk shall close this case.

IT IS SO ORDERED.

Dated: 09/17/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 10-1845 RS
ORDER

2

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

**Randall G. Huck**
1631 Lake Street
San Francisco, CA 94121

DATED: 09/17/2010

/s/ Chambers Staff
Chambers of Judge Richard Seeborg

\* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.

No. C 10-1845 RS
Order

3