*E-Filed 10/13/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RANDALL G. HUCK,

        Plaintiff,

  v.

KONE, INC.,

        Defendant.
_____/

No. C 10-1845 RS

**ORDER RE: PLAINTIFF'S MOTION TO REMAND**

## I. INTRODUCTION & PROCEDURAL HISTORY

Plaintiff Randall Huck filed his Complaint in the Superior Court of California, County of San Francisco, alleging wrongful termination, harassment, retaliation in employment, and intentional infliction of emotional distress against his former employer, Kone, Inc. All of Huck's claims are grounded on California statutory and common law. According to Huck's Complaint, he held the position of Western Regional Environmental Health and Safety Director. He explains that he became disabled and needed to take a medical leave of absence. Huck suggests Kone refused to respect his medical leave, asked that he return to work, and then terminated him. Huck also contends Kone lied about the true date of his termination to avoid paying disability benefits and refused him a premium reduction for certain insurance benefits. While Huck requests past and future economic damages for lost wages, past and future non-economic damages for emotional

distress and pain and suffering, and recovery of medical and insurance expenses incurred as a result of termination, Huck does not in his Complaint state the exact amount of damages he seeks.[1]

Kone duly removed the action, pursuant to 28 U.S.C. § 1441.  In its removal motion, Kone avers that the parties are in fact diverse.  Kone advises that it is incorporated in Delaware and maintains its principal place of business in Illinois.  Huck is a citizen of California.  Although Huck does not identify the amount in controversy in his Complaint, Kone asserts in its removal petition and again in its opposition papers that this amount more likely than not exceeds $75,000.  Huck timely filed the instant motion to remand.  While Huck has not so stipulated or provided any estimate of the damages he seeks, he insists Kone has not met its burden of demonstrating that the amount in controversy exceeds $75,000 and argues that this Court lacks subject matter jurisdiction.  This matter was submitted without oral argument, pursuant to Civil Local Rule 7-1(b).

## II.  DISCUSSION

Section 1332(a) of the United States Code, Chapter 28, vests district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" diverse parties as defined by subsections (a)(1)-(4).  Section 1441 provides that "civil action[s] brought in a State court of which the district courts of the United States have original jurisdiction," may be removed by the defendant to federal district court.  28 U.S.C. § 1441(a).  Where a defendant removes a case from state court, that party has "'always' borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement."  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006) (*quoting Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).  If a complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been satisfied.  *Id.* (citations omitted).  *See also Gaus*, 980 F.2d at 566 ("[Federal jurisdiction] must be rejected if there is any doubt as to the right of

---

[1] There are some instances where a plaintiff in California state court cannot state a specific dollar amount.  California Code of Civil Procedure § 425.10(b), for example, provides that the amount of damages shall be stated in the complaint *unless* the action is one to recover actual or punitive damages for personal injury or wrongful death.

NO. C 10-1845 RS
ORDER

2

removal in the first instance."). Removal cannot be based solely on conclusory allegations where the ad damnum is silent. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). To overcome the "strong presumption" against removal jurisdiction, the defendant must present "the *underlying facts* supporting its assertion . . . ." *Gaus*, 980 F.2d at 567 (emphasis in original).

The Ninth Circuit has outlined a procedure for determining the amount in controversy on removal. The district court may consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in controversy. *Id.* If it is not, the court may consider facts presented in the removal petition (or any "amendments" thereto)[2] or may "require parties to submit summary judgment type evidence relevant to the amount in controversy at the time of removal." *Id.* (*quoting Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (9th Cir. 1995). Defendant's notice of removal asserts that the amount in controversy exceeds $75,000, but otherwise does not articulate any facts to support this conclusion.[3] In its opposition brief, however, Kone argues that, despite Huck's protestations in his motion to remand, the complaint facially supports defendant's theory. Even if it does not, Kone requests that this Court, in its discretion, allow the parties to engage in limited discovery.

Turning to the face of his Complaint, Huck requests recovery of past and future economic damages resulting from the alleged wrongful termination. Huck does not, however, recite his annual salary. In the Complaint, Huck explains that he received a bonus in the amount of $20,306.00 in January of 2009. While he suggests that he was eligible to receive a bonus that

---

[2] In *Gaus*, the Court instructed that a removing defendant must present "competent proof" in the removal petition itself. 980 F.2d at 567. The Ninth Circuit later construed factual presentations submitted as, for example, a declaration attendant to a brief filed in opposition to a remand motion as an "amendment" to the removal petition. *See, e.g.*, *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 n.1 (9th Cir. 2002). Even though Kone's removal petition by itself is insufficient to carry its burden, this Order considers the factual presentation that appears in its opposition motion.

[3] By administrative error, this Court initially (but mistakenly) understood that defendant had not opposed plaintiff's motion to remand. Coupled with plaintiff's insistence in his motion that he had not claimed a recovery in excess of the statutory threshold, the absence of any factual showing in the removal petition made remand appear to be the only possible solution. That Order was immediately withdrawn, however, once the Court discovered defendant's opposition brief, which does articulate facts in support of its removal argument.

represented 20 percent of his yearly salary, he contends his bonus exceeded this amount and was "13 [percent] above his eligibility for the outstanding achievements accomplished." (Compl. ¶ 9.) From this, Kone estimates that Huck's yearly salary was roughly $61,533.33. Combined with a bonus he potentially would receive in 2010, and other requested damages, Kone argues the amount in controversy climbs beyond the $75,000 threshold. While Kone's theory is at least plausible, it is still speculative and would leave the question of federal jurisdiction on tenuous ground. That said, Kone's suggestion that Huck has in his papers adopted a rather cagey approach is well taken. Instead of stipulating that the amount in controversy falls below $75,000, Huck in his motion to remand insists only that Kone has not met its burden of showing that it does not. Accordingly, the parties are instructed to engage in limited discovery on the amount in controversy question. Kone shall submit a brief of no more than ten pages, accompanied by declarations or deposition testimony, on or before December 16, 2010. Huck may file a reply, subject to identical limitations, on or before December 30, 2010. The matter shall then be considered submitted and an Order on plaintiff's motion to remand shall issue. The Case Management Conference currently scheduled for November 4, 2010 shall be continued to **January 13, 2011 at 10:00 a.m.** in Courtroom 3, on the 17th Floor of the United States District Courthouse, 450 Golden Gate Avenue, in San Francisco. The parties shall submit a Joint Case Management Statement at least one week prior to the Conference.

IT IS SO ORDERED.

Dated: 10/13/10

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 10-1845 RS
ORDER

4

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

**Randall G. Huck**
1631 Lake Street
San Francisco, CA 94121

DATED: 10/13/2010

/s/ Chambers Staff
Chambers of Judge Richard Seeborg

\* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.

No. C 10-1845 RS
ORDER

5