**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                         NORTHERN DISTRICT OF CALIFORNIA
10
11  RANDALL G. HUCK,

12          Plaintiff,                         No.   C 10-1845  RS  (EDL)

13          v.                                 ORDER GRANTING IN PART AND DENYING
                                               IN PART PLAINTIFF'S MOTION TO QUASH
14
   KONE, INC.,
15
            Defendant.
16  _____/

17          In this employment discrimination case, Plaintiff Randall Huck alleges that he was

18  wrongfully terminated from his position as Defendant Kone, Inc.'s Western Regional Environmental

19  Health and Safety Director based on his disability and retaliation in March 2009.  Defendant argues

20  that Plaintiff was terminated for insubordination and misconduct associated with unauthorized

21  charges to the company credit card for a business trip to Hawaii.

22          On June 2, 2011, Defendant issued document subpoenas to three of Plaintiff's former

23  employers, Vertis Inc., Kaiser Permanente Oakland Medical Center, and Bovis Lend Lease, seeking

24  Plaintiff's employment records, as well as medical records contained in those employment records.

25  Defendant also issued subpoenas to Dollar Rent A Car and New Otani Kaimana Beach Hotel in

26  Hawaii, seeking production of all records pertaining to Plaintiff.

27          On June 15, 2011, Plaintiff filed a motion to quash the third party subpoenas and sought

28  sanctions against Defendant.  Plaintiff also included a request for sanctions in his motion to quash.

    Defendant filed an opposition, and Plaintiff filed a reply.  The Court held a hearing on July 26, 2011.

**United States District Court**
For the Northern District of California

1   For the reasons stated at the hearing and in this Order, Plaintiff's motion to quash is granted in part

2   and denied in part.

3        Plaintiff's motion to quash the subpoena issued to Dollar Rent A Car is denied.  The

4   information sought through the subpoena is relevant to Defendant's assertion that Plaintiff was

5   terminated for insubordination and misconduct.  However, Plaintiff's motion to quash the subpoena

6   issued to New Otani Kaimana Beach Hotel is granted.  At the hearing, Defendant conceded that its

7   own records would reveal charges made to the company credit card at the hotel.

8        The subpoenas served on three of Plaintiff's former employers, Vertis Inc., Kaiser

9   Permanente Oakland Medical Center, and Bovis Lend Lease, sought broad categories of

10  information, including performance evaluations and payroll records.  These subpoenas are extremely

11  overbroad, particularly because Plaintiff's work performance was not the asserted reason for his

12  termination, so information regarding prior work performance and similar documents is not relevant.

13  Further, at the hearing, Defendant's counsel could not point to any reason to believe, besides pure

14  speculation, that Plaintiff had engaged in any similar conduct to that at issue in this case when he

15  was employed at Vertis Inc., Kaiser Permanente, or Bovis Lend Lease.  Thus, Defendant has not

16  shown that the broad employment records sought in the subpoenas are relevant.

17       The subpoenas to Plaintiff's former employers also sought medical records contained in the

18  employment records.  Plaintiff has put his medical condition relating to his disability at issue in this

19  case.  Therefore, Defendant may obtain records regarding employment absences relating to carpal

20  tunnel syndrome, tendonitis in the left arm and shoulder, bulging discs in the neck, or similar

21  medical conditions from 2005 to the present.  As discussed at the hearing, similar subpoenas seeking

22  records regarding these medical conditions from 2005 to the present may be served on Plaintiff's

23  medical providers.

24       Plaintiff's request for sanctions is denied, as unjustified and also not separately filed as

25  requested by Civil Local Rule 7-8.

26  **IT IS SO ORDERED.**

27  Dated: July 29, 2011

28
    _____
    ELIZABETH D. LAPORTE
    United States Magistrate Judge