**Dykema Gossett LLP**
**STEPHEN S. MUHICH** (*pro hac vice*)
*smuhich@dykema.com*
**DAWN N. WILLIAMS, (SBN 267925)**
*dwilliams@dykema.com*
**333 South Grand Avenue**
**Suite 2100**
**Los Angeles, California 90071**
**Telephone:  (213) 457-1800**
**Facsimile:  (213) 457-1850**

Attorneys for Defendant KONE Inc.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL G. HUCK,<br><br>    Plaintiff,<br><br>vs.<br><br>KONE Inc.,<br><br>    Defendant. | Case No. CV 10-01845 JL<br><br>[*Assigned to Richard Seeborg for Law and Motion*]<br><br>**DEFENDANT KONE INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[File concurrently with<br><br>(1) Declaration of Dawn N. Williams; and<br><br>(2) [Proposed] Order]<br><br>Date: October 5, 2011<br>Time: 10:00 a.m.<br>Location: Courtroom 17 |

**TO THE COURT, TO ALL PARTIES, AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE** that Defendant KONE Inc. ("KONE"), by and through its attorneys, Dykema Gossett LLP, in the courtroom of the Hon. Richard Seeborg, on October 5, 2011, at 10:00 a.m., in Courtroom 17, will, and hereby dos, move for summary judgment in its favor.

This motion for summary judgment (hereinafter referred to as the "Motion") is made pursuant to Federal Rule of Civil Procedure 56 on the grounds that Plaintiff's Complaint fails to state a genuine issue of material fact supporting his claim of discrimination.

KONE's Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Dawn N. Williams and attached documents, all pleadings, records and files in this action, and upon such other and further oral and documentary evidence as may be presented at the time of the hearing on the Motion.

Dated: August 31, 2011                              DYKEMA GOSSETT LLP

By: */s/* Dawn N. Williams
    Stephen S. Muhich (*pro hac vice*)
    Dawn N. Williams, SBN 267925
    Attorneys for Defendant KONE Inc.

## STATEMENT OF ISSUES

I. Has KONE Inc. provided a non-discriminatory reason for terminating Plaintiff?

Answer: **Yes**.

II. Has Plaintiff presented substantial responsive evidence that the KONE Inc.'s reason for his termination is untrue or pretextual?

Answer: **No**.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant KONE Inc. ("KONE"), pursuant to FRCP 56, hereby brings the instant motion for summary judgment.

**I.    INTRODUCTION**

This case arises from Plaintiff's termination of employment with Defendant KONE Inc. ("KONE"). After his termination, Plaintiff initiated this action claiming KONE terminated him in retaliation for him taking a medical leave of absence. Plaintiff asserts only one basis for relief: the Fair Employment & Housing Act ("FEHA") (Gov't Code §§ 12940 et seq.)

The facts, however, belie Plaintiff's allegations of discrimination and wrongful termination. As set forth in more detail below, KONE terminated Plaintiff on March 5, 2009, for insubordination, principally, in connection to failing to cancel a business trip to Hawaii when instructed to do so and for unauthorized charges on the company's card in connection with that trip. Plaintiff does not deny that he was instructed to cancel the business trip to Hawaii. Plaintiff also does not deny that he told KONE he canceled the trip to Hawaii, but nevertheless took the trip and incurred charges on the company's card as a result. The foregoing conduct alone justified and prompted Plaintiff's termination.

Notably, discovery throughout this litigation has highlighted Plaintiff's pattern of deceit, which resulted in his termination. On February 25, 2009, Plaintiff was scheduled to attend an important meeting. Plaintiff claims he did not attend this meeting a result of his alleged disability. Despite his alleged disability, Plaintiff nevertheless took advantage of company-paid trips to Los Angeles and Hawaii; thus, evidencing a clear intention to game the system to his benefit.

Indeed, discovery has revealed that Plaintiff's excuse stated in his Complaint for not attending the February 25, 2009, meeting is false. In his Complaint, Plaintiff states that he had a "procedure" done on February 25, 2009; thus, inferring that he could not attend the February 25, 2009, meeting due to that procedure. However, no medical "procedure" in fact occurred. Rather, the "procedure" plaintiff refers to was his wife's "manipulation his arm" at home. Although not used a basis for his termination, Plaintiff's mischaracterization of his wife's manipulation of his arm

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1  as a medical "procedure" is a prime example of the deceit Plaintiff is accustom to and the deceit
2  (i.e. lying about canceling the trip to Hawaii), which led to his termination from KONE.

3        In sum, Plaintiff can point to nothing other than the mere timing of his termination in
4  relation to his request for a leave of absence to attempt to create an inference of retaliation. Timing
5  alone, however, cannot create a triable issue of fact sufficient to overcome KONE's legitimate,
6  nonretaliatory reasons for the action taken against Plaintiff. *See Loggins v. Kaiser Permanente*
7  *Int'l.*, 151 Cal.App.4th 1102, 1112-13 (2007). Further, as established above, the proximity in the
8  timing of Plaintiff's termination only arises because Plaintiff used his alleged disability for a free
9  vacation in Hawaii (the stated reason for Plaintiff's termination).

10       For these reasons, Plaintiff fails to state a claim for discrimination under FEHA and
11 judgment should be granted in KONE's favor.

12 **II.    BACKGROUND**

13 **Plaintiff's Insubordination**

14       On February 25, 2009, Plaintiff did not appear at a meeting scheduled on that date.
15 (Complaint, ¶¶ 6-7.) Plaintiff maintains that on that date he "went through a procedure to try and
16 manually manipulate his left shoulder, and wrists which were becoming frozen." Plaintiff infers
17 that this is the reason for his alleged failure to attend the scheduled meeting. (Complaint, ¶¶ 6-7.)
18 Plaintiff's wife testified at her deposition that the "procedure" Plaintiff refers to was in fact, not a
19 medical procedure. Rather, the "procedure" consisted of Plaintiff's wife exercising Plaintiff's arm.
20 (Zohra Huck Dep. Tr. p. 33 ll. 9-20, Williams Decl., Ex. A.)

21       On or about February 26, 2009, Plaintiff traveled to Los Angeles for a business trip.
22 (Complaint, ¶ 8.) Plaintiff further pleads, that on or about February 27, 2009, Mr. Viehweg
23 contacted Plaintiff inquiring as to why he could travel to Los Angeles, but could not attend a
24 meeting locally. (*Id.*, ¶ 10.) Plaintiff asserts that he advised Mr. Viehweg that the Los Angeles trip
25 exacerbated his condition and that he would take his doctor's advise and cease working. (*Id.*)

26       Although claiming to have exacerbated his alleged injuries from his travels to Los Angeles,
27 Plaintiff concedes that on, or about, that very same day he traveled to Hawaii on a pre-planned
28 business trip. (*Id.*, ¶ 12.) Mr. Viehweg, however, previously instructed Plaintiff on or about

2

1 February 26, 2011, to <u>cancel</u> *the business meeting in Hawaii*. (Randall Huck Dep. Tr. at p. 111 ll. 23-25 – p. 112 ll. 1; p. 112 ll. 6-10; p. 115 ll. 1-12, Williams Decl., Ex. B.) Plaintiff *confirmed that he canceled the meeting; but nevertheless traveled to Hawaii*, stayed at the hotel he booked on the company card, and booked a rental car on the company card. (*Id.* at p. 115 ll. 19-22 – p. 117 ll. 3-25 – p. 118 ll. 1-2.)

Plaintiff alleges that the airfare and hotel were nonrefundable; thus, he chose to travel to Hawaii for rest and relaxation and take advantage of the accommodations at KONE's expense. (*Id.*) Plaintiff, however, admits that he did not check to see if the travel could be cancelled and booked for another date. (*Id.* at p. 118 ll. 12-19.) KONE's expense records reveal that the rental car Plaintiff booked in Hawaii was not a pre-paid expense; and, instead, the rental car was charged to the company card on March 1, 2009. (Dennis Viehweg and David Rickman Correspondences, 3/3/09, Williams Decl., Ex. C.)

Plaintiff testified that he had conversations with Mr. Viehweg while in Hawaii and Mr. Viehweg asked Plaintiff what he was doing, but Plaintiff concealed that he was in Hawaii. (Randall Huck Dep. Tr. at p. 113, ll. 2-9, Ex. B.) Instead, Plaintiff said that he was spending time with his mother in California. (*Id.*) Despite Mr. Viehweg's direct inquiry, Plaintiff nevertheless maintains that he did not advise Mr. Viehweg he was in Hawaii because Mr. Viehweg did not ask. (*Id.* at p. 112 ll. 23-25 – p. 113 ll. 1.)

**Plaintiff's Termination**

On March 3, 2011, Mr. Viehweg inquired into Plaintiff's recent company charges. (Dennis Viehweg and David Rickman Correspondences, 3/3/09, Ex. C.) Plaintiff's recent company charges (in particular, the March 1, 2009, rental car charge) revealed that Plaintiff traveled to Hawaii, although being specifically instructed to cancel the trip. (*Id.*) After learning Plaintiff traveled to Hawaii at the company's expense when he was specifically instructed to cancel the trip, KONE terminated Plaintiff on March 5, 2009. (Termination Form, Williams Decl., Ex. D.) KONE's company policy in place at that time specifically instructed that unauthorized charges to the company card were grounds for disciplinary action. (KONE's 2008 Payment Card Policy, p. 3, Williams Decl., Ex. E.)

3

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

<tr>
<tr>

Plaintiff's Termination Form specifically notes that lying about the trip to Hawaii and abuse of the company card was the reason for his termination:

> **Randy was told by Dennis Viehweg to cancel his 3/1/09 trip to Honolulu. He told the Honolulu branch he canceled the trip but still took the flight on 3/1, picked up the rental car, and checked into the hotel, incurring over $1700 in charges on his company P-card. Randy is being discharged for insubordination as well as misuse of company funds. When questioned about it, stated he was in northern California**.

(Termination Form, Williams Decl., Ex. D.) An email correspondence dated March 5, 2009, from Rebecca Trotsky further confirms Plaintiff was terminated as of March 5, 2009. (Rebecca Trotsky Correspondence, 3/5/09, Williams Decl. Ex. F.) In that correspondence, Ms. Trotsky discusses, amongst other things, retrieving Plaintiff's company car and returning his personal items. (*Id.*)

**Plaintiff's Disability Request**

After his termination, Plaintiff submitted a short term disability form to KONE on March 6, 2009. (Sickness and Short Term Disability Form, Williams Decl., Ex. G.) The physician records produced by Plaintiff confirm that his physician did not complete a short-term disability form until March 6, 2009. (Dr. Savant 3/6/09 Clinical Notes, Williams Decl. Ex. H.)

On or about March 12, 2009, KONE informed Plaintiff that his request for short term disability benefits was denied because he was terminated prior to receipt of the disability papers. (Complaint, ¶ 19; *see also* Termination Form, Williams Decl., Ex. D.)

II.   **ARGUMENT**

   A.   **Standard For Grant Of Summary Judgment**

Summary judgment is properly granted where no *genuine* issue exists as to any material fact, and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party need not negate the opponent's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Instead, summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.,* 477 U.S. at 322.

A party opposing summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise

4

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must come forward with evidence to support his or her claims. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-252 (1986) (admissible evidence, not mere allegations, required to defeat summary judgment).

### B. Plaintiff's Discrimination Claim Fails On Its Merits

Plaintiff's discrimination claim under the FEHA fails on its merits because the facts alleged and those established in discovery confirm that Plaintiff cannot establish a *prima facie* case of discrimination.

Employment discrimination claims follow a long-established order of proof, as set forth in *McDonnell Douglas Corp v. Green,* 411 U.S. 792 (1973). First, the plaintiff must prove a *prima facie* case of discrimination either by presenting direct evidence of discrimination or indirect evidence that gives rise to a reasonable inference of discrimination. *Id.* If a plaintiff is able to make out a *prima facie* case, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the action taken. *Godwin v. Hunt Wesson, Inc*., 150 F.3d 1217, 1220 (9th Cir. 1998). Once the defendant articulates such a reason, "the presumption of unlawful discrimination 'simply drops out of the picture.'" *Horn v. Cushman & Wakefield Western, Inc.,* 72 Cal.App.4th 798, 807 (1999). The burden then shifts back to the plaintiff to present *substantial responsive* evidence that the employer's reason is untrue or pretextual. *Horn*, 72 Cal.App.4th at 807; *Martin,* 29 Cal.App.4th at 1730-32.

Plaintiff, however, fails to meet the foregoing requirements to establish a *prima facie* case of discrimination for the following reasons:

### 1. Plaintiff Fails To Rebut KONE's Non-Discriminatory Basis For Termination.

To begin, Plaintiff's FEHA claim fails to establish a *prima facie* case for discrimination because Plaintiff does, and cannot, rebut KONE's non-discriminatory basis for his termination.

To rebut an employer's stated non-discriminatory reason for termination, an employee "cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is

wise, shrewd, prudent, or competent." *Hersant v. Dept. of Social Services,* 57 Cal.App.4th 997, 1003 (1997). Nor is the issue "the correctness or desirability of reasons offered for employment decision." *McCoy v. WGN Continental Broadcasting Co.*, 957 F.3d 368, 373 (7th Cir. 1992). A reason honestly described, even if poorly founded, is not pretextual. *Kariotis v. Navistar Internat. Transportation Corp.* (7th Cir. 1997) 131 F.3d 672, 677. This is so regardless of whether the employer's reason is "foolish or trivial or even baseless." *Id.* The ultimate issue is whether the employer acted *with an illegal motive. Guz v. Bechtel National, Inc.* 24 Cal.4th 317, 358 (2000). To prove pretext, therefore, the employee "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder *could* rationally find them unworthy of credence, and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Hersant,* 57 Cal.App.4th at 1003.

Here, Plaintiff concedes that he was instructed to cancel the trip to Hawaii, told KONE he cancelled the trip, but nevertheless took the trip, using the hotel, airfare, and rental car paid by KONE. Indeed, Plaintiff did not even inquire as to whether the airfare and hotel could be postponed and used a later date (i.e. for use in connection with a later scheduled business meeting). Further, even if the hotel and airfare were not refundable, discovery reveals that the rental car was not charged to KONE until March 1, 2009. After discovering Plaintiff's blatant abuse and deceit, KONE terminated Plaintiff on March 5, 2009. Plaintiff's termination was more than justified, especially in light of the company policy, which instructs that unauthorized charges to the company card is grounds for disciplinary action.

Based on the foregoing, KONE's stated reasons for termination were not only correct, Plaintiff does not and cannot offer any proof that the reasons for his termination are "unworthy of credence." Further, even if Plaintiff professes that he was not gaming the system and believed that he was justified in taking the Hawaii trip, that subjective belief does not rebut KONE's non-discriminatory basis for termination. As stated above, even if an employer's reason for termination is baseless, foolish, trivial, or poorly founded (which it is not in this case), that is not proof of a discriminatory animus.

Moreover, to the extent Plaintiff relies upon his allegations that KONE improperly denied disability benefits to support his claim of an alleged discriminatory animus (or as an independent claim all together), Plaintiff still fails to state a cause of action against KONE. As highlighted above, the documents produced in discovery indisputably reveal that Plaintiff was terminated on March 5, 2009, after KONE learned of Plaintiff's Hawaii trip. Plaintiff concedes he submitted his short term disability form on March 6, 2001—i.e. one day after his termination. As such, Plaintiff's allegations of non-payment of disability benefits have no basis in fact and should be disregarded.

Thus, applying the foregoing well-settled authority, Plaintiff's FEHA claim fails to establish a *prima facie* case of discrimination and judgment should be granted in KONE's favor.

### 2. Plaintiff's Retaliation Claim Is Unsupported By The Evidence.

Plaintiff also fails to establish a *prima facie* case of discrimination because his allegation that KONE waged a retaliatory war against him as a result of his alleged disability are unsupported by the evidence in this case.

Retaliation claims in California also follow the *McDonnell Douglas* burden-shifting analysis. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1042 (2005). Therefore a legitimate reason articulated for the adverse employment action will shift the burden back to the employee to prove intentional retaliation. *Id.*

Here, Plaintiff relies solely upon the timing of the alleged retaliatory termination. (Complaint, ¶ 5-22.) The mere proximity in time between a plaintiff's protected activity and the allegedly retaliatory employment action, however, will rarely support a *prima facie* case of retaliation. As articulated in *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173 (3rd Cir. 1997):

> It is important to emphasize that *it is causation, not temporal proximity itself,* that is an element of plaintiff's prima facie case, and temporal proximity merely provides an evidentiary basis from which an inference can be drawn. The element of causation, which necessarily involves an inquiry into the motives of an employer, is highly context-specific.

*Id.* at p. 178 (emphasis added). See also *Booth v. Birmingham News Co.*, 704 F.Supp. 213, 216, *aff'd by* 864 F.2d 793 (11th Cir. 1988) ("If timing alone, considered *in vacuo*, is sufficient to

7

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

establish [causation] under all circumstances, a plaintiff's burden of production would indeed be light unless the action were delayed for a number of years.")

Nevertheless, even if such evidence were enough to satisfy a plaintiff's initial burden (which it is not), timing alone is legally *insufficient* to create a triable issue of material fact as to whether the stated legitimate, nonretaliatory reason for the action was a pretext for unlawful retaliation. *McRae v. Dept. of Corrections and Rehabilitation,* 142 Cal.App.4th 377, 388 (2006); *Loggins,* 151 Cal.App.4th at 1112-13. To satisfy his secondary burden under the *McDonnell Douglas* analysis, therefore, Plaintiff "cannot simply rest on the prima facie showing, but must adduce substantial additional evidence from which a trier of fact could infer the articulated reasons for the adverse employment action were untrue or pretextual." *Loggins,* 151 Cal.App.4th at 1113.

Unfortunately for Plaintiff, he has no such evidence. Indeed, as stated above, the proximity in time between Plaintiff's termination and his alleged protected activity is due to Plaintiff's own making. Plaintiff used his alleged disability to take advantage of a trip to Hawaii at the company's expense. It was not Plaintiff's disability, but his deceit in taking the trip to Hawaii and making unauthorized charges to the company card, that resulted in his termination.

Accordingly, Plaintiff fails to establish *prima facie* evidence of discrimination on this basis as well and summary judgment in KONE's favor is appropriate.

### III.   CONCLUSION

Based on the foregoing, Plaintiff fails to establish a *prima facie* case of discrimination in violation of the FEHA. As such, no triable issue of fact remains and judgment should be granted in KONE's favor.

Dated: August 31, 2011                           DYKEMA GOSSETT LLP

                                                 By:*/s/* Dawn N. Williams
                                                     Stephen S. Muhich (*pro hac vice*)
                                                     Dawn N. Williams, SBN 267925
                                                     Attorneys for Defendant KONE Inc.

## CERTIFICATE OF SERVICE

On August 31, I electronically filed the foregoing paper with the clerk of the court using the ECF system, which will send notification of such filing to counsel of record.

/s/ Dawn N. Williams