UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RANDALL G. HUCK,

    Plaintiff,

v.

KONE, INC.,

    Defendant.
_____/

No. C 10-1845 RS (EDL)

ORDER DENYING PLAINTIFF'S MOTION TO QUASH AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

In this employment discrimination case, Plaintiff Randall Huck alleges that he was wrongfully terminated from his position as Defendant Kone, Inc.'s Western Regional Environmental Health and Safety Director based on his disability and retaliation in March 2009. Defendant argues that Plaintiff was terminated for insubordination and misconduct associated with unauthorized charges to the company credit card for a business trip to Hawaii.

Plaintiff has filed a motion to quash three subpoenas issued to former employers, and has filed a motion to compel seeking further responses to his requests for production of documents. For the reasons stated at the hearing on October 11, 2011, Plaintiff's motion to quash is denied and the motion to compel is granted in part and denied in part.

**Motion to Quash**

Plaintiff seeks to quash subpoenas issued on August 30, 2011 to Bovis Land Lease, Kaiser Permanente Medica Center and Vertis, Inc. Mot. Ex. A. The August 30, 2011 subpoenas, however, were withdrawn. Therefore, Plaintiff's motion to quash is denied as moot.

Defendant served new subpoenas on September 1, 2011 that accurately reflected the Court's August 1, 2011 Order regarding the appropriate scope of permissible discovery from these entities. Plaintiff argues that the September 1, 2011 subpoenas should be quashed because they were served after the August 30, 2011 discovery cutoff date. Reply at 3. However, because the Court gave Defendant leave to serve subpoenas on these entities in the August 1, 2011 Order, the Court declines to quash the September 1, 2011 subpoenas as untimely.

**Motion to Compel**

Plaintiff seeks production of three specific categories of documents: (1) written evaluations; (2) expense reports; and (3) cell phone records. At the hearing, Plaintiff attempted to raise additional issues regarding requests for production of documents that were not specifically raised in his moving papers or in his reply brief. The Court declined to address those additional issues.

**1.    Evaluations**

Plaintiff argues that Defendant has not produced all written evaluations in response to his Request for Production of Documents number 3. See Huck Decl. Ex. A at 5. Specifically, Plaintiff notes that Defendant produced only one page of an eight-page evaluation from 2007 (Ex. C), and only a draft evaluation for 2008 (Ex. D). Defendant stated in the opposition and at the hearing that it had produced all evaluations in its custody, possession and control, and that it had no additional documents to produce. However, Defendant could not explain at the hearing why it only produced one page of what appears to be an eight-page evaluation from 2007.

Accordingly, as stated at the hearing, no later than October 25, 2011, Defendant shall serve on Plaintiff a declaration or declarations of persons most knowledgeable regarding: (1) the search for written evaluations; (2) whether there are missing evaluations or parts of evaluations, and if there are missing documents, what efforts were made to locate those missing documents; and (3) what document preservation efforts were made at the time that the company received notice that Plaintiff had filed a complaint of discrimination against Defendant at the EEOC.

**2.    Expense reports**

Plaintiff seeks expense reports submitted by Plaintiff or on his behalf. See Huck Decl. Ex. A at 5. Defendant provided one type of expense report, after which Plaintiff clarified that he was seeking another type of expense report. At the hearing, Defendant stated that it had sent Plaintiff an

email before the hearing that included three months of the expense report form sought by Plaintiff. As stated by the Court at the hearing, although expense reports from Plaintiff's entire employment period are not relevant, those from the relevant time period preceding his termination are relevant.[1] Therefore, no later than October 25, 2011, Defendant shall provide to Plaintiff a declaration or declarations from persons most knowledgeable regarding the search made for responsive expense reports and why Defendant would not or could not produce any additional reports, if it could not.

### 3. Cell phone records

Plaintiff seeks company cell phone records for Plaintiff's company-issued cell phone. See Huck Decl. Ex. A at 5. At the hearing, Defendant stated that it was prepared to sign a release for production of these records. As discussed at the hearing, no later than October 25, 2011, Defendant shall obtain the relevant cellphone records. If Defendant cannot do so by that date, Defendant shall provide a declaration or declarations from persons most knowledgeable to Plaintiff explaining the steps that have been taken to obtain the records and providing an estimated date for production.

**IT IS SO ORDERED.**

Dated: October 12, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge

---

[1] Based on the limited information provided at the hearing, the Court cannot evaluate whether the three months of reports that Defendant reportedly provided is sufficient, although it may be.